104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rebecca MCFADDEN-COOPER, Plaintiff-Appellant
v.
NEW YORK CITY TRANSIT AUTHORITY, Defendant-Appellee
 No. 96-7223.
 United States Court of Appeals, Second Circuit.
 Nov. 8, 1996.
 
 Appeal from the United States District Court for the Eastern District (Gold, Magistrate Judge ).
 APPEARING FOR APPELLANT: Rebecca McFadden-Cooper, Pro Se, New York, N.Y.
 APPEARING FOR APPELLEE: Martin B. Schnabel, General Counsel of New York City Transit Authority, New York, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Present FEINBERG, LEVAL and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff Rebecca McFadden-Cooper, pro se appeals from judgment rendered for the defendant after a bench trial. Plaintiff's complaint alleged that her employer, the New York City Transit Authority (N.Y.CTA), discriminated against her by reason of her sex and created a hostile work environment in violation of Title VII because she refused to "sexually accommodate" the director of payroll, Joseph Bonds. Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. On appeal, McFadden-Cooper challenges the lower court's findings.
 
 
 4
 This court will review the factual findings of the district court in a bench trial based upon whether the "district court abused its discretion, or was clearly erroneous within the meaning of Fed.R.Civ.P. 52(a)." Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1038 (2d Cir.1993) (internal quotations omitted). Findings will be disturbed only when this Court is "left with the definite and firm conviction that a mistake has been committed." Id. (quoting McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8 (1954)).
 
 
 5
 The district court's findings that McFadden-Cooper did not experience "unwelcome sexual advances" and that the decisions affecting her promotion were not connected to her reaction to unwanted advances were not clearly erroneous, and therefore, must be upheld. Nor did the district court err in finding that plaintiff failed to establish a quid pro quo claim of sexual harassment.
 
 
 6
 Furthermore, the district court correctly held that, even if Bonds's actions were characterized as sexual overtures, adequate evidence was presented to support the finding that the failure to promote McFadden-Cooper was due to an independent policy of the NYCTA and not because of her reaction to Bonds's advances. On appeal McFadden-Cooper has not pointed to any other facts which would require this Court to characterize Bonds's conduct as a sexual advance or to find any correlation between the denied promotion and any personal relationship with Bonds.
 
 
 7
 We also agree with the lower court's finding that McFadden-Cooper's claim of hostile work environment was time-barred. The behavior complained of by McFadden-Cooper occurred in 1987 and 1988, which is more than 300 days prior to the filing of the charge with the EEOC. 42 U.S.C. § 2000e-5(e); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir.1996). Furthermore, it was not error for the court to conclude that the conduct plaintiff showed was not "sufficiently hostile or pervasive" to support a sexual harassment claim.
 
 
 8
 The decision of the district court is AFFIRMED.